UNITED STATES of America,
Plaintiff–Appellee

v.

Nelson Omar RODRIGUEZ–TURCIOS,
Defendant–Appellant.

No. 09–51127
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 31, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Nelson Omar Rodriguez–Turcios appeals the 57–month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. Rodriguez–Turcios argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He contends that the guidelines sentencing range was too severe because U.S.S.G. § 2L1.2 resulted in the double counting of his prior conviction for a crime of violence and further that a sentence under that guidelines provision should not be afforded a presumption of reasonableness. He also argues that the guidelines sentencing range did not accurately reflect the seriousness of his offense and failed to account for his history and characteristics.

As Rodriguez–Turcios concedes, his argument that the presumption of reasonableness should not apply is foreclosed. *See United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). We have also rejected the argument that using a conviction to increase the offense level and to calculate criminal history is impermissible double counting. *See United States v. Duarte,* 569 F.3d 528, 530 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009).

The district court considered Rodriguez–Turcios's request for a downward variance, and it ultimately determined that a sentence at the top of the applicable guidelines range was appropriate based on

---

88

the circumstances of the case and the § 3553(a) factors. The assertions regarding the seriousness of his offense and his personal history and characteristics are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir. 2008); *United States v. Aguirre–Villa,* 460 F.3d 681, 683 (5th Cir.2006). Accordingly, the district court's judgment is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.